IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2171-FL

| | |
|---|---|
| HOBART J. BARRETT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion for summary judgment (DE 13) pursuant to Federal Rule of Civil Procedure 56 filed by Warden Justin Andrews ("respondent"), to which petitioner responded. In this posture, the issues raised are ripe for adjudication. For the foregoing reasons, the court grants respondent's motion.

## BACKGROUND

On May 18, 2007, the United States filed a certificate of a sexually dangerous person pursuant to 18 U.S.C. § 4248,[1] certifying petitioner as a sexually dangerous person. United States v. Barrett, No. 5:07-HC-2097-FL. If petitioner had not been certified, he would have been released from the Bureau of Prisons' custody on May 19, 2007.

On May 30, 2007, the United States filed a "Motion for a Court Ordered Government Psychological Evaluation Pursuant to 18 U.S.C. § 4248(b)." See United States v. Barrett, No. 5:07-HC-2097-FL (E.D.N.C. May 30, 2007). In the motion, the United States sought leave to conduct

---

[1] Title 18 U.S.C. § 4248 was enacted in July 2006 as part of the Adam Walsh Child Protection and Safety Act and provides for the civil commitment of "sexually dangerous person[s]" in federal custody for care and treatment, following the expiration of their federal prison sentences. 18 U.S.C. § 4248(a); see also, Timms v. Johns, 627 F.3d 525, 526 (4th Cir. 2010).

an examination of petitioner in order to alleviate "possible concern with conducting a forensic evaluation of a represented person without leave of court." Id. p. 2. The court granted the United States' motion on June 4, 2007. Id. Dr. Lela Demby ("Dr. Demby") subsequently conducted a forensic evaluation of petitioner, and the United States filed her report under seal on August 30, 2007. Id.

On August 4, 2010, the court entered a standing order providing a prehearing schedule for any case arising under § 4248. In re Procedures for Commitments under 18 U.S.C. S 4248, No. 10-SO-01 (E.D.N.C. Aug. 4, 2010) (standing order). The standing order authorized the United States to have two expert witnesses in any case brought under the Adam Walsh Act. Id. The United States then retained Dr. Harry Hoberman ("Dr. Hoberman") to evaluate petitioner. On December 20, 2010, Dr. Hoberman executed the confidentiality agreement required by the August 4, 2010, standing order, which was filed on April 1, 2011. See United States v. Barrett, No. 5:07-HC-2097-FL (DE 51) (E.D.N.C. Apr. 1, 2011). Dr. Hoberman then conducted a forensic evaluation of petitioner, and submitted a written report of his findings, which was filed under seal with the court on April 1, 2011. Id. (DE 53).

On November 30, and December 1, 2011, the court conducted a hearing for petitioner pursuant to § 4248. See United States v. Barrett, No. 5:07-HC-2097-FL (DE 51) (E.D.N.C. Nov. 30, Dec. 1, 2011). At the conclusion of the hearing, the court found that petitioner was a sexually dangerous person and committed him pursuant to 18 U.S.C. § 4248. See id.

Following his civil commitment, petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals. United States v. Barrett, 491 F. App'x 416 (4th Cir. Dec. 20, 2012). On December 20, 2012, the Fourth Circuit affirmed the court's judgment. Id.

2

On July 19, 2012, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, alleging the following two claims: (1) the United States violated his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution by failing to obtain and serve a summons under Federal Rule of Civil Procedure 4; and (2) the United States violated his due process rights when it failed to obtain leave of court to appoint Drs. Hoberman and Demby to evaluate him under 18 U.S.C. § 4247. As part of his second claim, petitioner argues that Drs. Hoberman and Demby violated his due process rights because they failed to conduct a face to face interview as part of their respective evaluations of petitioner.

On April 19, 2013, respondent filed a motion for summary judgment, arguing that petitioner cannot establish a constitutional violation. Petitioner subsequently filed two responses to respondent's motion.

**DISCUSSION**

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Petitioner, in this case, raises due process challenges to his civil commitment proceedings.

The civil commitment process impacts an individual's due process rights. In particular, because an adverse result in a commitment hearing results in a substantial curtailing of [a person's] liberty," whether the respondent is already a prisoner or not, the Supreme Court has held that "procedural due process does guarantee certain protections to civil commitment respondents." United States v. Baker, 45 F.3d 837, 843 (4th Cir.1995) (internal citations omitted) (discussing due process in the context of § 4246 civil commitment); see also Addington v. Texas, 441 U.S. 418, 425 (1979) ("[The Supreme] Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.") In Vitek v. Jones, 445 U.S. 480 (1980), the Supreme Court held that, in the context of an involuntary civil commitment, due process requires "notice ... to afford the prisoner an opportunity to challenge the contemplated action and to understand the nature of what is happening to him," a hearing with a "limit[ed] ... right to call witnesses, to confront and cross examine[,]" and appointment of counsel. Id. at 496–97; accord Timms, 664 F.3d at 450.

The court begins with petitioner's due process claim contending that he was not served with a certification certificate in accordance with Federal Rule of Civil Procedure 4 because the United States failed to issue a summons within one hundred twenty (120) days. Title 18 U.S.C. § 4248(a)

4

sets forth the requirements for instituting a civil commitment proceeding of a sexually dangerous person. Section 4248(a) provides in pertinent part:

> In relation to a person who is in the custody of the Bureau of Prisons, . . . the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government . . . . The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4248(a).

The United States filed its certification stating that petitioner was a sexually dangerous person on May 18, 2007. See United States v. Barrett, No. 5:07-HC-2097-FL (E.D.N.C. May 18, 2007). At that time, petitioner was incarcerated at the Federal Correctional Institution in Butner ("Butner"), North Carolina, which is located in the United States District Court for the Eastern District of North Carolina. In accordance with § 4248(a), the United States filed its certification with the Clerk of Court in the Eastern District of North Carolina. See id. Additionally, the United States served petitioner with a copy of the certification at Butner. Id. The statute does not require the issuance of a summons, and the court is unaware of any case law indicating that due process requires the issuance of a summons in a § 4248 action. See United States v. Comstock, 627 F.3d 513, 518 (4th Cir. 2010) (rejecting due process challenge and noting the general difficulty in overcoming the presumption that Congress has complied with the Constitution). Moreover, petitioner has not alleged any prejudice from the method of service. Based upon the foregoing, the court GRANTS respondent's motion for summary judgment as to this claim.

5

The court now turns to petitioner's claim that the United States failed to obtain leave of court to retain Drs. Hoberman and Demby as experts. Title 18 U.S.C. § 4248(b) provides in pertinent part: "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." Section 4247(b) provides: "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds appropriate, by more than one such examiner." The information to be included in any psychiatric or psychological report prepared is established by section 4247(c).

In the case at hand, the record reflects that the United States retained Demby as an expert after obtaining leave to conduct a psychological evaluation pursuant to 18 U.S.C. § 4248(b) on June 4, 2007. The record further reflects that the United States retained Dr. Hoberman as an expert pursuant to the court's standing order entered on August 4, 2010. Because the retention of Drs. Demby and Hoberman as experts was authorized by the court and statute, the court finds that petitioner fails to state a due process claim. See Comstock, 627 F.3d at 518.

The court now turns to petitioner's contention that his due process rights were violated because Drs. Hoberman and Demby did not conduct an in person evaluation. There is no requirement, statutory or otherwise, requiring an evaluator to conduct an evaluation pursuant to 18 U.S.C. §§ 4247 and 4248 face to face. Further, petitioner was free to raise this issue during is § 4248 hearing and on appeal. Moreover, the record reflects that petitioner declined to participate in an in person interview with Dr. Demby. See United States v. Barrett, No. 5:07-HC-2097-FL (DE 52), p. 1.(E.D.N.C.). Based upon the foregoing, the court finds no due process violation.

6

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 13) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

7